IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1037-NJR-RJD |
| | ) |
| TIMOTHY WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are thirty-one various documents filed by *pro se* Plaintiff Arthur Stanley. Mr. Stanley originally opened his case with a Rule 59/Rule 60 Motion for Rehearing on a matter related to a proceeding that took place in state court in St. Clair County, Illinois (Docs. 2 and 3). He subsequently followed up with a Complaint, styled as an "Amended Complaint" (Doc. 9) and two motions for leave to amend his Complaint (Docs. 19 and 20).

On June 27, 2018, the Court entered a show cause order, directing Stanley to pay the filing fee of $400 (or file a motion for leave to proceed *in forma pauperis*) or the action would be dismissed (Doc. 16). Since that time, Stanley has filed various documents, including a motion for leave to proceed *in forma pauperis* (Doc. 18) and a request for a temporary restraining order (Docs. 25, 27, and 28).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). The court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case, however, if the action is clearly frivolous or malicious.

28 U.S.C. § 1915(e)(2)(B)(i). The test for determining whether an action is frivolous or meritless is whether the party can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (citing *Anders v. California*, 386 U.S. 738 (1967)).

The Court is required to construe Stanley's claims liberally, because he is not represented by an attorney. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). But the Court is not required to be an advocate for Stanley, nor is it required to accept inferences drawn by him if such inferences are unsupported by facts set forth in the complaint. *See Radivojevic v. Granville Terrace Mut. Ownership Trust*, No. 00 C 3090, 2000 WL 1433999, at *2 (N.D. Ill. Sept. 27, 2000).

Stanley's filings consist of a series of difficult to understand allegations. What the Court can glean from the largely unintelligible pleadings is that Stanley is alleging that the named defendants, which include various individuals, public officials and state agencies engaged in a conspiracy to effectively render Stanley as a ward of the State of Illinois—or unable to take care of himself—in violation of the Eighth and Fourteenth Amendments of the United States Constitution (Doc. 9, p. 2). These allegations appear to stem from a foreclosure and eviction proceeding that took place against him in St. Clair County. He alleges that this was a "sham" judicial proceeding. He also mentions various other "sham" proceedings, such as an Illinois State Court paternity and support proceeding against him that took place in 2003, a state court judge illegitimately holding him in contempt of court, illegal garnishments, an illegal suspension of his driver's license, and a void default judgment entered against him. It appears that these proceedings have taken the place over the course of fifteen or more years.

In his request for a temporary restraining order, Stanley seeks: a court order "enjoining the alleged Timothy Wilson from contacting, threatening or harassing [Stanley] with any allegations or actions to allege or suggest that he (Timothy Wilson) is the lawful owner of the [Stanley's] homestead" and ordering "the sheriff and/or Wilson to immediately return the items taken from the subject property." (Doc. 25, p. 4).

The Court's authority to hear a case is often times referred to as "subject matter jurisdiction." If the Court lacks subject matter jurisdiction, the case must be dismissed. *See, e.g. United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case without subject matter jurisdiction . . . .").

To the extent that Stanley is asking the Court to review a state court judgment or related claims, the Court does not have authority to do so pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine does not allow federal courts such as this one to review a state court judgment or claim that is "inextricably intertwined" with state court judgments. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). It appears that many of Stanley's alleged injuries stem from actions that took place in state court proceedings, which this federal court has no authority to address.

While Stanley alleges actions that he claims have deprived him of his constitutional rights under the Eighth and Fourteenth Amendments, those injuries are inextricably tied to determinations made by the state court. Stanley cannot "appeal" these state court judgments to a federal district court. Additionally, a party may not seek review of a state court determination by simply casting the claim as a constitutional violation. *See Johnson v. Orr*, No. 08-1133, 2008 WL 5085615, at *3 (7th Cir. Dec. 4, 2008); *see also Ritter v. Ross*, 992 F.2d 750,

753 (7th Cir. 1993). As for Stanley's allegations that the defendants all acted in conspiracy together to deny him his constitutional rights, he gives no basis for his allegations other than bizarre theories that the Court is unable to follow. *See Stanard v. Nygren*, 658 F.3d 792, 798-99 (7th Cir. 2011) ("[t]hough length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so.").

As to Stanley's claim that he was drugged by officers while he was in jail for thirty days and denied medical attention, the Court finds this claim to be factually frivolous. Specifically, Stanley alleges that he started feeling "high" after meals and faced life threatening fumes in his cell so he had to sleep with his face at the bottom of his cell door (Doc. 9, p. 9). "While a court generally must accept factual allegations in a complaint as true, it need not accept them *without question*." *See Allen v. Chapman*, No. 11-cv-1130-MJR, 2012 WL 3761902, at *3 (S.D. Ill. Aug. 29, 2012). "Sometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton*, 302 F.3d 773, 774 (7th Cir. 2002). The Supreme Court has held that district judges, who are "all too familiar with factually frivolous claims," are in the best position to determine which claims fall into that category. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court finds that this claim is baseless. *See, e.g. Davis v. Allen County Sheriff*, No. 1:05-CV-163-TS, 2005 WL 1431903, at *2 (N.D. Ind. Jun. 9, 2005) (dismissing complaint under 1915A as frivolous because the claims were unbelievable); *see Zappley v. United States of America*, No. 04C0434, 2005 WL 1334606, at *1 (E.D. Wisc. June 6, 2005) ("A court can dismiss a suit as factually frivolous pursuant to §1915(e)(2)(B)(i) when the facts alleged in the complaint are 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional' or 'incredible.'") (citing

*Denton*, 504 U.S. at 32-33)).

Overall, Stanley's complaint is legally frivolous because this Court does not have jurisdiction over the state court judgments that he alleges to be the root causes of his injuries. To the extent Stanley raises a deliberate indifference claim, that claim is factually frivolous because it is unbelievable. Because Stanley's complaint is frivolous, as that term is defined by the *in forma pauperis* statute, his motion to proceed *in forma pauperis* (Doc. 18) is denied. In addition, because there is no basis for issuing a temporary restraining order, Stanley's motion for temporary restraining order (Docs. 25, 27 and 28) must also be denied.

This is not Stanley's first case in this Court. He has filed (or removed) at least twelve others (Case No. 16-cv-991-DRH-PMF, Case No. 16-cv-678-SMY-PMF, Case No. 16-cv-610-SMY-SCW, Case No. 16-cv-199-DRH, Case No. 16-cv-125-SMY-DGW, Case No. 15-cv-1315-SMY-SCW, Case No. 15-cv-1252-SMY-SCW, Case No. 15-cv-1041-SMY-SCW, Case No. 10-cv-249-GPM-PMF, Case No. 09-cv-389-MJR-CJP, Case No. 09-cv-233-DRH-CJP, and Case No. 07-cv-775-JPG-DGW). Many of these cases allege similar claims relating to the state court proceedings about which he continuously complains. Stanley's cases have either been remanded to state court for want of jurisdiction, dismissed for lack of jurisdiction, or dismissed for failure to state a claim. Even after judgment has been entered, the cases remain active in various post-judgment postures (Stanley will often file anywhere from one to six notices of appeal and/or many other post-judgment motions in a given case).

In 2016, Judge Staci M. Yandle warned Stanley on at least three occasions that continued frivolous litigation may result in sanctions. Stanley has very obviously failed to heed these warnings. It's time for this Court to be relieved of Stanley's vexatious behavior. Accordingly, the Court imposes a monetary fine of $500. Until Stanley pays this fine, the

Clerk of Court in this District shall return, unfiled, any papers Stanley tenders in civil litigation in this Court, except for a habeas corpus petition. *See Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018) (citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)). Stanley may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban.

For the reasons set forth above, the Court **DENIES** Stanley's request for a temporary restraining order (Docs. 25, 27, and 28) and **DENIES** his motion for leave to proceed *in forma pauperis* (Doc. 18). All other motions are **DENIED as moot**. This action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

As set forth above, Stanley is fined in the amount of $500. Until he pays that fine in full, the Clerk's Office is **DIRECTED** to return unfiled any papers submitted by Stanley except for those in defense of a federal criminal case or applying for a writ of habeas corpus. Stanley may apply for modification or rescission of this order no sooner than two years from today's date, assuming that he fails to pay the $500 fine within the two years.

If Stanley wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment or order being appealed from. FED. R. APP. P. 4(a)(1)(A). If the appeal is frivolous, this Court will not grant him leave to proceed *in forma pauperis* ("IFP") in an appeal from the dismissal of this action. Instead, he will be liable for the $505.00 appellate filing fee, unless the court of appeals allows him to proceed IFP. *See* FED. R. APP. P. 3(e); 28 U.S.C. 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Stanley files a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) motion, it will stop the 30-day clock for filing a notice of appeal (the clock will start again once the undersigned rules on the motion). FED. R. APP. P. 4(a)(4).

This motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

**IT IS SO ORDERED.**

**DATED:** August 28, 2018

                                               **s/ Nancy J. Rosenstengel**_____
                                               **NANCY J. ROSENSTENGEL**
                                               **United States District Judge**